IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Daniel L. Tomlin,<br>    Petitioner,<br><br>v.<br><br>Harold Clarke,<br>    Respondent. | )<br>)<br>)<br>)    1:13cv1522 (CMH/TCB)<br>)<br>)<br>) |

MEMORANDUM OPINION

Daniel L. Tomlin, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of possession of a firearm by a convicted felon and driving after being declared an habitual offender in the Circuit Court of Chesterfield County. On June 10, 2014, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Tomlin was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a reply. For the reasons that follow, respondent's Motion to Dismiss will be granted, and this petition will be dismissed with prejudice.

I. Background

On September 20, 2011, following a bench trial, Tomlin was convicted of one count each of possession of a firearm by a convicted felon and driving after being declared an habitual offender, and received a sentence of eight (8) years incarceration with two (2) years suspended. Case No. CR11F00579 - 01 and -02; Resp. Ex. 1. The facts underlying the convictions were described by the Court of Appeals of Virginia as follow:

1

On November 11, 2009, Officer Ivan Kopelove with the Department of Game and Inland Fisheries responded to a report that three individuals in a truck had shot a deer on property in Chesterfield County. The report was that the three individuals were trespassing and had unlawfully shot the deer with a shotgun. Kopelove went to 13801 Allied Drive in Chesterfield County. Kopelove found a spent shotgun shell on a private driveway and a dead deer in the vicinity. Witnesses who had seen the truck in the driveway provided the license plate number of the vehicle. The police determined that the truck was registered to a Carol Wolf at a Richmond address.

The police went to Wolf's address but did not see a truck in the vicinity. Subsequently, Wolf, Robert Powell, and appellant arrived in a truck matching the description of the vehicle involved in the Chesterfield County incident. At the time of their arrival, Wolf was driving the truck.

Upon questioning, appellant said he was with Daryl Wagner and Powell in the truck earlier when they went looking for a deer to shoot. They stopped at the Allied Drive address to urinate. According to appellant, while there, Powell shot a deer with a shotgun. When confronted by witnesses, they fled. Appellant further stated that he, Powell and Wagner drove to Wagner's Chesterfield County home and left the shotgun. Appellant did not indicate that he was driving the truck.

On November 2, 2009, the police searched Wagner's home pursuant to a warrant and recovered three firearms. One of the firearms was a shotgun capable of firing the shell found in the driveway at 13801 Allied Drive.

On September 29, 2010, Special Agent Jim Croft questioned appellant at his home regarding the shooting incident. Appellant gave a written statement in which he admitted that he was driving the truck when he, Powell and Wagner were hunting for deer. According to appellant, he proceeded down a driveway because Wagner thought he spotted a deer. They were confronted by some hunters who accused them of trespassing. Appellant, Wagner and Powell got back into the truck, and appellant drove away. After the shooting, appellant transported the gun to Wagner's house because he feared they would be stopped by the police.

The Commonwealth also introduced evidence that appellant had been

> declared a habitual offender and ordered not to drive prior to the November 11, 2009 incident.

Tomlin v. Commonwealth, R. No. 2428-11-2 (Va. Ct. App. Mar. 21, 2012), slip op. at 2-3; Resp. Ex. 1, Att. 2.

Tomlin appealed his conviction to the Court of Appeals of Virginia, raising claims that: (1) the police violated his constitutional rights by twice subjecting him to custodial interrogation without Miranda warnings; and (2) - (3) the evidence was insufficient to sustain the convictions. The appeal was refused by a single judge on March 21, 2012, id., and by a three-judge panel on June 21, 2012. Resp. Ex. 1, Att. C. Tomlin's attempt to seek further review by the Supreme Court of Virginia was dismissed and refused on October 12, 2012. Tomlin v. Commonwealth, R. No. 121111 (Va. Oct. 12, 2012); Resp. Ex. 1, Att. D.

Tomlin next filed a petition for a state writ of habeas corpus in the Supreme Court of Virginia, raising the following claims:

> 1. He was denied effective assistance of counsel when his attorney knowingly failed to move to suppress petitioner's unwarned custodial statement to law enforcement.
>
> 2. He was denied effective assistance of counsel when his attorney failed to object to the admission into evidence of petitioner's statement at trial.
>
> 3. He was denied effective assistance of counsel when his attorney failed to comply with the Rules of the Supreme Court of Virginia on appeal.
>
> 4. He was denied due process of law when he was convicted without effective assistance of counsel.
>
> \* In an unnumbered claim, petitioner also argued that counsel provided ineffective assistance by failing to

3

> show petitioner the written statement he gave to police or to confer with him prior to trial.

The Supreme Court dismissed the petition on August 28, 2013. Tomlin v. Dir., Dep't of Corr., R. No. 130453 (Va. Aug. 28, 2013); Resp. Ex. 2.

Tomlin next turned to the federal forum and timely filed the instant application for § 2254 relief on October 29, 2013, reiterating the same claims he made in his habeas corpus action before the Supreme Court of Virginia. As noted above, respondent has filed a Rule 5 Answer to the petition, as well as a Motion to Dismiss with a supporting brief and exhibits. (Docket ## 10 - 11) Tomlin was provided with the notice required by Roseboro and Local Rule 7(K), and he has filed a reply, captioned as a traverse. (Docket # 16) Respondent acknowledges that the claims raised in this petition were exhausted in the state forum.[1] Accordingly, this matter is now ripe for disposition.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is

---

[1] Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a § 2254 applicant in this jurisdiction must first have presented the same factual and legal claims raised in his federal petition to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus proceeding. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

4

"contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III. Analysis

In all of his claims, petitioner argues that he received ineffective assistance of counsel for various reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong

presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

In his first claim, Tomlin asserts that he was denied effective assistance of counsel when his attorney knowingly failed to move to suppress his unwarned custodial statement to law enforcement. In his second claim, which is closely related, Tomlin contends that counsel provided ineffective assistance by failing to object when the statement was entered into evidence

at trial. When Tomlin made these same arguments in his habeas petition to the Supreme Court of Virginia, the Court found them to be without merit for the following reasons:

> In claim (a), petitioner alleges he was denied the effective assistance of counsel because counsel failed to move to suppress the statement petitioner gave to police prior to trial. In claim (b), petitioner alleges he was denied the effective assistance of counsel because counsel failed to object at trial to the Commonwealth's introduction into evidence of the statement petitioner gave to the officer. Petitioner contends as to both claims that the officer questioned him without advising him of his Miranda rights, and that he was coerced by the police officer's questioning because he was under the influence of drugs and alcohol. Petitioner further asserts counsel should have known of petitioner's inability to defend himself and moved to suppress the statements before or during trial.
>
> The Court holds that claims (a) and (b) fail to satisfy the 'prejudice' prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the trial transcript, demonstrates that petitioner was questioned by the police officer while standing in the yard of his residence and voluntarily provided answers. Although petitioner asserts he was not advised of his Miranda rights, he does not allege that he was in police custody or subject to a custodial interrogation. As such, he fails to establish that counsel would have been successful in moving to suppress, or objecting to the admission of, his statement to the officer on constitutional grounds. Further, petitioner admitted during his own testimony at trial that he drove a vehicle on the day in question, was aware that a firearm was in the vehicle, and may have moved the firearm inside the vehicle. As petitioner's testimony provided the same information as his previous statement to police, the evidence at trial would not have changed even if counsel had successfully excluded petitioner's prior statement. Thus, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Tomlin v. Dir., supra, slip op. at 1-2.

It is well settled in federal jurisprudence that the Miranda exclusionary rule applies only when a suspect is "in custody." Oregon v. Mathiason, 429 U.S. 492 (1977); United States v.

Beard, 119 Fed. App'x 462 (4th Cir. Jan. 7, 2005). In this case, the record reflects that petitioner was standing in his own yard when he gave his statement to the police and voluntarily provided answers to the officers' questions. Resp. Ex. E, T. 6/7/11 at 14-17, 26-28. Those circumstances in no way suggest that petitioner was "in custody" when he spoke to the officer. Cf. Thompson v. Keohane, 516 U.S. 99 (1995). Thus, any attempt by counsel to move to suppress petitioner's statement to the police on the ground that no Miranda warnings were given would have been unsuccessful.[2] Moreover, petitioner in his own trial testimony admitted to driving a truck on the day at issue, admitted that he knew there was a firearm in the truck, and even conceded that he "might" have moved the firearm while he was inside the truck. Resp. Ex. E, T. 6/7/11 at 42-43. The Virginia court rightfully concluded that this testimony provided the same information contained in petitioner's earlier statement to the police, so even if the statement could have been suppressed, counsel's failure to make such a motion caused petitioner to suffer no prejudice.[3] Lastly, petitioner's argument that counsel should have moved to suppress his statement because he was intoxicated and unable to "defend himself" is supported factually only by petitioner's own self-serving assertions, and is legally inaccurate. See United States v. Cristobal, 293 F.3d 134, 141 (4th Cir. 2002) ("[A] deficient mental condition (whether the result of a pre-existing mental

---

[2]To the extent that petitioner in his Memorandum of Law attempts to repaint the picture of his encounter with the police by claiming that "two armed law enforcement officer(s)" approached him, asked him to get into their patrol car and then to answer their questions, Pet. Mem. ¶ 25, his allegations find no support in the trial record. Since a habeas petitioner is restricted to the record that was before the state courts and may not rely on facts introduced for the first time at the federal level, see Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388 (April 4, 2011), petitioner's revised version of the salient events must be disregarded.

[3]In an affidavit filed in the Virginia habeas proceeding, counsel stated that petitioner chose to testify in his own defense against counsel's advice. Resp. Ex. 1, Att. F.

illness or, for example, pain killing narcotics administered after emergency treatment) is not, without more, enough to render a waiver involuntary.") Thus, the Virginia court's determination that petitioner's first two claims fail to satisfy the prejudice prong of the Strickland test was based on a reasonable determination of the facts and was in accord with controlling federal principles, so the same result must be reached here. Williams, 529 U.S. at 412-13.

In his third claim, petitioner contends that he was denied effective assistance of counsel because his trial attorney failed to comply with the Rules of the Supreme Court of Virginia on appeal, resulting in the procedural default of portions of his claims. On habeas corpus review, the Supreme Court of Virginia found this argument to be without merit, as follows:

> The Court holds that claim (c) fails to satisfy the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the Court of Appeals' per curiam order dated March 21, 2012, and this Court's Order dated October 12, 2012, demonstrates that the portion of petitioner's petition for appeal that asserted his constitutional rights were violated when he was questioned by police without being advised of his Miranda rights was procedurally defaulted. The Court of Appeals refused to consider the argument under Rule 5A:18 because petitioner had not preserved the issue at trial, and this Court dismissed the relevant assignment of error pursuant to Rule 5:17(c)(1)(iii). Petitioner, however, has failed to establish that he would have been successful in challenging the admission at trial of his statements to police because he was not subjected to a custodial interrogation. Thus, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceedings would have been different.

Tomlin v. Dir., supra, slip op. at 3.

The record reflects that on direct appeal, the Court of Appeals of Virginia declined to consider petitioner's argument that his constitutional rights were violated when he was questioned without Miranda warnings because no such objection was made at trial. Cf. R. Va.

Supr. Ct. 5A:18; see Resp. Ex. 1, Att. C. The Supreme Court of Virginia subsequently dismissed the portion of petitioner's direct appeal where he asserted that claim. See Resp. Ex. 1, Att. D. The determination of the Supreme Court of Virginia on habeas review that petitioner failed to show that he was prejudiced by these rulings because he would not have been successful in challenging the admission of his statement to the police because he was not subjected to a custodial interrogation was both factually reasonable and in accord with controlling federal authorities for the reason discussed in connection with claims one and two, above. Accordingly, claim three of this petition likewise warrants no federal relief. Williams, 529 U.S. at 412-13.

In his fourth claim, Tomlin argues that he was denied due process because he was convicted without the effective assistance of counsel, rendering the judgments against him "null and void." However, as the Supreme Court of Virginia held, this claim is without merit "because petitioner has not established that he was denied the effective assistance of counsel." Tomlin v. Dir., supra, slip op. at 3. For the same reason, petitioner patently is entitled to no federal relief on this claim.

In his unnumbered claim, petitioner alleges that counsel provided ineffective assistance by failing to show petitioner the written statement he gave to police or to confer with him prior to trial. The Supreme Court of Virginia rejected this argument, as follows:

> The Court holds that these claims satisfy neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the affidavit of counsel, demonstrates that petitioner was aware the Commonwealth had a written statement of the comments petitioner made to the police officer prior to trial. Petitioner does not contradict counsel's representation that counsel advised petitioner of the contents of the confession before trial. Further, petitioner does not contest counsel's assertion that petitioner chose for himself to testify at trial against the advice of counsel.

10

> Petitioner does not allege he would have chosen not to testify had counsel conferred with him further. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceedings would have been different.

Tomlin v. Dir., supra, slip op. at 4.

As noted above, petitioner's counsel submitted an affidavit in the state habeas corpus proceeding in which he attested that he obtained and reviewed petitioner's written confession pursuant to a pretrial Motion for Discovery. When counsel met with petitioner he advised petitioner of the confession and its contents, but during that meeting and subsequent discussion of trial strategy, petitioner decided that the confession should be admitted into evidence on the theory that the court would view it as evidence that petitioner had been "set up" by the police officers. Resp. Ex. 1, Att. F at 1. In addition, petitioner took the witness stand in his own defense against the advice of counsel, and "[d]uring his testimony on cross-examination ..., Mr. Tomlin confirmed the series of events and allegations that were testified to by the officers and transcribed in the written confession. Even without the introduction of his written confession, Mr. Tomlin's own testimony served to solidify the Commonwealth's case against him." Id. at 2. Under these circumstances, the Virginia court's rejection of petitioner's unnumbered claim was based on a reasonable determination of the facts and was not inconsistent with controlling federal principles. See Clozza v. Murray, 913 F.2d 1092, 1101 (4th Cir. 1990) (attorney was not ineffective for failing to prepare petitioner for cross-examination where petitioner changed his testimony on the witness stand), cert. denied, 499 U.S. 913 (1991). Accordingly, the claim likewise must be rejected here. Williams, 529 U.S. at 412-13.

11

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition will be dismissed, with prejudice. An appropriate Order shall issue.

Entered this 7th day of Jan 2015.

/s/ Claude M. Hilton
United States District Judge

Alexandria, Virginia